UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/17

UNITED STATES OF AMERICA,

-v-

ROBERTO SANTIAGO,

                Defendant.

No. 10-cr-555-3 (RJS)

ROBERTO SANTIAGO,

                Petitioner,

-v-

UNITED STATES OF AMERICA,

                Respondent.

No. 15-cv-5905 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is Petitioner Robert Santiago's motion for reconsideration of the Court's January 26, 2017 order denying his petition for a writ of habeas corpus. (No. 15-cv-5905, Doc. No. 6.)[1] For the reasons set forth below, Petitioner's motion is denied.

I. BACKGROUND

On December 21, 2012, a grand jury returned a superseding indictment charging Petitioner with one count of conspiracy to distribute and possess with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of 21

---

[1] Unless otherwise noted, all citations to docket numbers refer to the docket at 10-cr-555-3.

U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. No. 38.) On April 2, 2013, Petitioner pleaded guilty to the lesser included offense of conspiracy to distribute and possess with intent to distribute 100 grams and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (Doc. No. 42 at 37–38.) As part of his plea, Petitioner executed a plea agreement with the government whereby the parties stipulated that Petitioner's sentencing range under the United States Sentencing Guidelines was 168 to 210 months. At what was originally intended to be a sentencing hearing held on November 22, 2013, the Court informed the parties that the offense conduct described in the presentence report appeared to require two enhancements not included in the parties' stipulated Guidelines calculation: (1) a two-level firearms enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) based on firearms recovered from a heroin mill in the College Point neighborhood of Queens ("Mill-1") that were apparently used in furtherance of the conspiracy, and (2) a three- or four-level leadership enhancement (as opposed to the two-level leadership enhancement to which the parties had stipulated and Probation had recommended) pursuant to U.S.S.G. § 3B1.1(a) because the criminal activity involved five or more participants. (Doc. No. 58 at 9–16.) The Court adjourned sentencing to January 24, 2014 and directed the parties to make additional written submissions concerning those issues. (*Id.* at 15–16, 19; Doc. No. 57.)

On February 6, 2014, the Court conducted a *Fatico* hearing at which it concluded that Petitioner was not involved in managing the operations of Mill-1, and was therefore not subject to the four-level leadership enhancement. (Doc. No. 76 at 98–99.) The Court also found that there was insufficient evidence tying Petitioner to firearms recovered from Mill-1. (*Id.* at 99.) Accordingly, the Court concluded that Petitioner's Guidelines range was 168 to 210 months and

2

imposed a below-Guidelines sentence of 144 months' imprisonment to be followed by five years of supervised release. (*Id.* at 121; *see also* Doc. No. 67.)

Petitioner thereafter appealed to the Second Circuit on the grounds that the Court (1) "erred by failing to vacate his guilty plea and dismiss his indictment *sua sponte*" after the evidence presented at the *Fatico* hearing "disproved the government's allegations that [Petitioner] participated in a large-scale heroin mill"; (2) "erred in calculating his drug quantity and in imposing a leadership enhancement, thus rendering his sentence procedurally unreasonable"; and (3) imposed a "substantively unreasonable" sentence by "fail[ing] to consider [Petitioner's] underprivileged background and lack of a prior criminal record." *United States v. Graham*, 610 F. App'x 56, 57 (2d Cir. 2015). Petitioner also argued that his counsel was ineffective for failing to raise these arguments at sentencing. *Id.* On May 18, 2015, the Second Circuit issued a summary order affirming Petitioner's conviction in all respects. *Id.* at 60.[2]

On July 15, 2015, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255, challenging the sentence imposed by the Court. (Doc. No. 87.) In his motion, Petitioner argued that his counsel provided ineffective assistance by failing to argue that (1) Petitioner's guilty plea was not voluntary, knowing, and intelligent because Petitioner is actually innocent (*id.* at 3–5), (2) the indictment was "constructively amended" because the allegations that Petitioner operated Mill-1 were proven false (*id.* at 5–6), (3) the government suppressed and withheld *Brady* and *Giglio* material before Petitioner pleaded guilty (*id.* at 7–10), and (4) a two-level leadership enhancement

---

[2] On October 7, 2015, after determining that Petitioner might be eligible for a sentence reduction in light of a retroactive application of a November 1, 2014 amendment to the Sentencing Guidelines that lowered the guideline sentencing range for certain categories of drug offenses, the Court issued an order directing the parties to make submissions regarding whether Petitioner's sentence should be modified; the Court also appointed counsel from the Federal Defenders to represent Petitioner in connection with the Court's consideration of the issue. (Doc. No. 94.) Ultimately, the parties agreed that Petitioner was eligible for a sentence reduction within an amended Guidelines range of 135 to 168 months, and the Court issued an order on December 1, 2015 reducing Petitioner's offense level to level 33 and reducing Petitioner's sentence to 135 months' imprisonment. (Doc. Nos. 110, 111.)

3

to Petitioner's sentencing guidelines was improper (*id.* at 10–11). On January 26, the Court denied Petitioner's habeas motion principally because his grounds for claiming ineffective assistance were expressly or impliedly rejected by the Second Circuit on direct appeal and were thus barred by the mandate rule. *United States v. Santiago*, No. 10-CR-555-3 (RJS), 2017 WL 396680, at *5 (S.D.N.Y. Jan. 26, 2017) (citing *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010)). The Court also found that Petitioner, through his plea agreement, waived all but his *Brady* claim, and that the *Brady* claim failed on the merits. *Id.* at *5–6.

## II. Discussion

Now before the Court is Petitioner's motion for reconsideration of the Court's denial of his habeas petition. Petitioner argues that "the government's sole theory of prosecution was [Petitioner's] alleged involvement . . . in operating 'Mill-1,'" and that the testimony at the *Fatico* hearing revealed that Petitioner's conduct "was factually and legally distinct" from the conduct that formed the basis for the grand jury indictment. (Doc. No. 130 at 3.) Petitioner further argues that because the district court did not consider these arguments in its order denying his habeas petition, the mandate rule does not bar consideration of the claims raised in the habeas proceeding. (*Id.* at 2–3.) In short, Petitioner argues (1) that the Court's sentence was based on conduct established during his *Fatico* hearing that was not included in the indictment or presented to the grand jury in violation of the Fifth Amendment, and consequently, (2) that the mandate rule does not prevent the Court from considering the claims raised in the habeas petition. The Court disagrees.

"A motion for reconsideration . . . 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Atl. Recording Corp. v.*

4

*BCD Music Grp., Inc.*, No. 08-cv-5201 (WHP), 2009 WL 2046036, at *1 (S.D.N.Y. July 15, 2009) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petroiam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). "The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Atl. Recording*, 2009 WL 2046036, at *1 (quoting *Colodney v. Continuum Health Partners, Inc.*, No. 03-cv-7276 (DLC), 2004 WL 185768, at *1 (S.D.N.Y. Aug. 18, 2004)). A motion for reconsideration will be denied if "the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257

In his motion for reconsideration, Petitioner renews his original argument that his alleged operation of Mill-1 formed the basis for the grand jury indictment and his criminal prosecution, and that because the Court found that he did not operate Mill-1 at the *Fatico* hearing, his conviction constitutes manifest injustice. (Doc. No. 130 at 2–3; *see also* Doc. No. 87 at 3–6.) That contention is incorrect. Petitioner was indicted under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 for conspiring to distribute and possess with the intent to distribute heroin. (Doc. No. 38.) In his plea agreement and during his guilty plea, Petitioner admitted under oath that, during the period of time identified in the indictment, he agreed with others to distribute at least 100 grams of heroin and took affirmative acts in furtherance of that conspiracy – conduct punishable under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 and included within the conspiracy charged in the indictment. (Doc. No. 42 at 34–36); *see also Santiago*, 2017 WL 396680 at *5; *Graham*, 610 F. App'x at 58. This all took place before Petitioner's *Fatico* hearing, at which he denied operating Mill-1. However, as the Court made clear in its decision denying Petitioner's habeas motion, "the fact that

Petitioner did not run Mill-1 is beside the point, since the facts Petitioner admitted at his guilty plea were unrelated to Mill-1 and easily supported his conviction." *Santiago*, 2017 WL 396680 at *4. The Court, quoting the Second Circuit, noted "that the *Fatico* hearing did not undermine the district court's determination that Petitioner's guilty plea to conspiring to distribute heroin was supported by an independent basis in fact." *Id.* at *5 (quoting *Graham*, 610 F. App'x at 58).

Petitioner's argument that the conduct he "admitted to participating [in] when he testified during the Fatico hearing" was "unknown to either the Government or the grand jury . . . at the time the indictment was returned" is similarly incorrect. (Doc. No. 130 at 2.) As the Second Circuit has already made clear, Petitioner did not admit to *additional* crimes or conduct during his *Fatico* hearing: rather, he described the conduct constituting the crime to which he pleaded guilty, that is, he "confirmed that, throughout the period identified in the indictment, he conspired with two other individuals to run a smaller heroin mill." *Graham*, 610 F. App'x at 58. That conduct is clearly "an offense that is punishable under 21 U.S.C. § 841(b)(1)(B) and encompassed within the conspiracy charged in the indictment." *Id.* Petitioner's argument that the mandate rule does not apply thus fails because the Second Circuit has already explicitly decided the issues he raises in his habeas petition and in his motion for reconsideration.

Additionally, in his motion for reconsideration, Petitioner fails to address the Court's alternative basis for denying his petition: that through his plea agreement Petitioner waived the right to appeal a sentence within the agreed upon guidelines range. *See Santiago*, 2017 WL 396680 at *5. In its original denial of the habeas petition, the Court found that Petitioner's waiver was knowing and voluntary, citing the detailed colloquy between the Court and Petitioner at the April 2, 2013 plea hearing. *Id.* at *6. What is more, Petitioner's original petition, as well as his motion for reconsideration, fails to demonstrate that his counsel's conduct fell below an objective standard

6

of reasonableness or that he was prejudiced under standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See id.* Petitioner has thus failed to challenge the constitutionality or validity of the process by which his waiver of his right to appeal the Court's sentence was procured.

### III. CONCLUSION

For the foregoing reasons, Petitioner has clearly failed to establish grounds for reconsideration of the Court's denial of his habeas motion. Accordingly, Petitioner's motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 6 in case number 15-cv-5905.

SO ORDERED.

Dated: June 23, 2017
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE